HARPER v. MARTIN.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913. Rehearing Denied June 25, 1913.)

ESCROWS (§ 9*)—AGREEMENT—DEPOSIT—PETITION.

Plaintiff sold land to defendant the title to which was clouded by liens, and an agreement was made that plaintiff should deposit $500 in a bank as a guaranty of performance of an agreement to obtain releases. If they were not obtained within 90 days, "defendant was authorized" to sue to remove the clouds on the title and to pay costs and attorney's

---

fees out of the deposit, the taxes for 1909 to be prorated and plaintiff's portion paid out of such deposit "before delivering the remainder to him." *Held*, that a petition alleging that two of the releases were obtained, but defendant failed and refused to bring suit to remove the cloud from the title, and that, instead of depositing money in the bank, plaintiff had deposited defendant's check with the escrow agreement, which check was a part of the consideration of the land, alleged sufficient facts to entitle plaintiff to recover the balance due on the check.

[Ed. Note.—For other cases, see Escrows, Cent. Dig. § 11; Dec. Dig. § 9.*]

Appeal from Uvalde County Court; J. F. Robinson, Judge.

Action by A. B. Harper against H. G. Martin. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. D. Love, of Uvalde, for appellant. L. Ald, L. E. Lamier, and Martin & Martin, all of Uvalde, for appellee.

TALIAFERRO, J. This suit was to recover money deposited upon an escrow contract. Appellant sold certain land to appellee, the title to which was clouded by liens. Appellee required appellant to obtain three releases in closing the transaction. An agreement was made that appellant should deposit with the Uvalde National Bank $500 as a guarantee of the faithful performance of his agreement to obtain the releases. In event they were not obtained within 90 days, appellee was "authorized" to bring suit to remove the clouds upon the title to the land, and to pay costs and attorney's fees incurred in such suit out of the $500 deposit. The taxes for 1909 on the land were to be prorated, and appellant's portion paid out of the $500 deposit "before delivering the remainder" to him. Only two of the releases were obtained, and appellee failed or refused to bring the suit to remove the cloud from the title. It seems that, instead of depositing money in the bank, appellant deposited a check of appellee with the escrow agreement. The contract does not show why this was done, though appellant's petition alleges the reason from which we must reach the conclusion that the $500 check of appellee so deposited was a part of the consideration for the land. Appellant sued to recover upon the check and contract as written obligations of appellee, and the court sustained a general demurrer to his petition.

The only question before the court is whether or not the petition was good as against a general demurrer. We think it was. Against a general demurrer, every reasonable intendment must be indulged in favor of the pleading. In suing upon the written instruments, by proper pleading, appellant should have set out copies of the instruments, or stated their contents, and then alleged the legal effect of each. Instead of doing so, he declared upon the contracts in such a manner as to make the allegations of the petition appear as a contradiction of the terms of the written documents, which were attached to the petition as exhibits. It is evident from the petition that the plaintiff's intention was not to attempt to alter the terms of the written contract by parol but to declare upon his construction of the contract itself, and the court, upon general demurrer, should have taken the allegations in the petition as a declaration of the legal effect of the written instruments attached, and have given the petition the effect most favorable to the pleader. The general demurrer is not directed at imperfect or defective pleading, but at the total failure of the party, upon any reasonable construction of the pleading, to allege a cause of action or defense. That the contract in this case is susceptible of more than one construction is most apparent, and appellant was entitled to have the jury or the court pass upon his construction of its terms. It is evident from the terms of the contract that whatever remained of the $500 deposit, if any, after payment of the expenses and taxes named therein should be "delivered" to appellant. If there were no expenses or taxes charged against it, he was entitled to the whole.

In view of another trial upon pleadings as they should, and probably will, be amended, it is not necessary for us to pass upon appellee's cross-assignments of error, all of which are directed at the rulings of the court upon his special exceptions.

The judgment of the lower court is reversed, and the cause remanded.